**Norma Yolanda HERRERA–CONTRERAS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70184.

INS No. A72–400–840.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 *.

Decided Sept. 24, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Norma Yolanda Herrera–Contreras petitions for review of the Board of Immigration Appeals' ("BIA") decision sustaining the government's appeal from an immigration judge's ("IJ") order granting her applications for asylum and withholding of deportation. We have jurisdiction pursu-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ant to 8 U.S.C. § 1105a.[1]  Where the BIA reviews de novo the IJ's decision, we review the BIA's decision for substantial evidence. *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997).  We grant the petition.

Herrera–Contreras testified that she feared persecution from guerrillas because they had killed or injured several members of her former husband's politically-active family.  Herrera–Contreras also testified that guerrillas threatened her father, a former military commissioner.  In her declaration attached to her asylum application, Herrera–Contreras stated that she remained very close to her former husband's family.  She also declared that guerrillas twice stopped buses on which she was riding, and interrogated her regarding her name and whether any members of her family were in the military or worked for the government.  Because neither the IJ nor the BIA made an express adverse credibility finding, we regard as true Herrera–Contreras' testimony.  *See Singh v. INS*, 94 F.3d 1353, 1356 (9th Cir.1996).

We conclude that the record compels the conclusion that Herrera–Contreras met her burden of showing a well-founded fear of persecution based on membership in a politically-active family.  *Cf. Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir.1997) (recognizing that imputed political opinion can be found where applicant is a member of a large, politically active family, many of whom have been already persecuted for their political beliefs).

PETITION FOR REVIEW GRANTED.

---

1. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).

